**Kamal AHMED, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–72885.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2012.

Filed April 6, 2012.

Kari Elisabeth Hong, Law Offices of Kari E. Hong, Portland, OR, Kara Hartzler, Florence Immigrant and Refugee Rights Project, Florence, AZ, for Petitioner.

Liza S. Murcia, OIL, David V. Bernal, Lauren E. Fascett, U.S. Department of Justice, Washington, DC, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN and BYBEE, Circuit Judges, and HAYES, District Judge.*

* The Honorable William Q. Hayes, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1.   We have since held in *United States v. Medina–Villa* that another, more general definition

**MEMORANDUM** **

Kamal Ahmed petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the conclusion of the Immigration Judge ("IJ") that he is removable because his Nevada conviction for open or gross lewdness counts as a conviction for sexual abuse of a minor, an aggravated felony. Because the BIA used the "modified categorical approach" in reaching its conclusion, we deferred submission of this case pending *United States v. Aguila–Montes de Oca,* 655 F.3d 915 (9th Cir. 2011) (en banc).

The IJ compared the crime of conviction in this case to the generic crime of sexual abuse of a minor as articulated in *In re Rodriguez–Rodriguez,* 22 I. & N. Dec. 991, 995–96 (B.I.A.1999). *See Shepard v. United States,* 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Subsequently, we held in *Estrada–Espinoza v. Mukasey,* 546 F.3d 1147, 1156–58 & n. 7 (9th Cir.2008) (en banc), *abrogated on other grounds by Aguila–Montes,* 655 F.3d 915, that the vague definition in *Rodriguez–Rodriguez* was contrary to congressional intent. Given the clear language criticizing the BIA's operative definition, we conclude that its use in this case was reversible error.[1]

Furthermore, the BIA gave a lengthy analysis of its understanding of the modified categorical approach. In doing so, it addressed much of our precedent at the time, and it responded in part to concerns

of sexual abuse of a minor is also viable. 567 F.3d 507, 514–16 (9th Cir.2009). We express no opinion here as to how the definition in *Rodriguez–Rodriguez* compares to that in *Medina–Villa* or what kind of definition, should it be adopted by BIA, would be upheld under either *Estrada—Espinoza* or *Medina–Villa.*

expressed in Judge Kozinski's concurrence in *Li v. Ashcroft* that reliance on the modified categorical approach in a case in which the statute of conviction was missing an element of the generic offense would be unfair to defendants, 389 F.3d 892, 899–901 (9th Cir.2004) (Kozinski, J., concurring). Because we addressed these issues in *Aguila–Montes,* 655 F.3d at 922–26 & n. 6, 937–38, we believe remand is appropriate so that the BIA can respond to these developments in the law and determine whether the factfinder in this case was "actually required," *id.* at 935–40, to find that the victim was a minor.

**PETITION GRANTED AND REMANDED.**

---

\* This disposition is not appropriate for publica-

tion and is not precedent except as provided